UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

GENERAL ELECTRIC CAPITAL           )
CORPORATION, *a Delaware corporation*,  )
        Plaintiff,                    )
                                      )
      vs.                               )          1:10-cv-0107-LJM-JMS
                                      )
DELAWARE MACHINERY & TOOL          )
COMPANY, INC., *an Indiana corporation*,  )
and ROBERT HASS, JR.,              )
        Defendants.                   )

## ORDER

      This matter is before the Court on plaintiff's, General Electric Capital Corporation ("GE Capital"), Motion for Order in Aid of Execution; Chikol, LLC's ("Chikol" or the "Receiver"), the court-appointed receiver for defendant, Delaware Machinery & Tool Co., Inc. ("DMT"), Motion for Suspension of Proceedings; and intervenor plaintiff's, First Merchants Bank, National Association ("First Merchants"), Emergency Motion to Reconsider.  On April 1, 2010, the parties appeared by counsel for a hearing on these motions and the Court took the motions under advisement.  Having considered the parties' arguments, the Court rules as follows.

## I.  BACKGROUND

      On January 27, 2010, GE Capital filed its Complaint in which it asserts one claim for replevin, two claims for breach of contract, and one claim for specific performance.  The Complaint asserts that DMT leased certain pieces of equipment (the "Equipment") from GE Capital pursuant to a Master Lease Agreement (the "MLA").  Compl. ¶ 10.  In addition,

defendant, Robert Haas, Jr. ("Haas"), executed an Individual Guaranty, pursuant to which Haas guaranteed all of DMT's obligations to GE Capital, including those obligations under the MLA and any obligations arising after the execution of the Guarantee.  *Id.* ¶ 11. According to the Complaint, DMT defaulted under the MLA by failing to make the payments provided in and required by the MLA beginning in November 2009.  *Id.* ¶¶ 12-13.  GE Capital notified DMT and Haas of their default, and subsequently accelerated the amounts due pursuant to the MLA and Guaranty after DMT and Haas failed to cure their default.

GE Capital filed a Motion for Order of Replevin the same day it filed its Complaint. On February 18, 2010, GE Capital and DMT appeared by counsel for a hearing on GE Capital's Motion for Order of Replevin, during which the parties submitted an Agreed Order of Replevin (the "Agreed Order" or "Replevin Order").  Dkt. Nos. 18-19.  During the hearing, the Court approved the Agreed Order, which was entered later in the day on February 18, 2010.  The Agreed Order states that DMT was in default under the MLA for failing to make payments and failing to allow GE Capital to repossess the Equipment upon demand. Agreed Order ¶ C-D.  In addition, the Agreed Order states that the MLA entitled GE Capital to repossess and remove the Equipment in the event of a default.  *Id.* ¶ E.  In the Agreed Order, DMT acknowledged that its continued possession of the property would be wrongful, and that GE Capital was being damaged by DMT's continued use of the Equipment.  *Id.* ¶¶ H-I.  The Agreed Order noted that DMT advised GE Capital that it is indebted to First Merchants, which "ha[d] or may assert an interest in the assets of DMT, including DMT's equity in the Equipment, if any."  *Id.* ¶ L.  Finally, DMT and GE Capital agreed that GE Capital was not required to post a bond, and that it would wait thirty days to execute upon the Agreed Order.  *Id.* ¶¶ K, M.  As a result, GE Capital's Motion for Order of Replevin was

granted on the terms set forth in the Agreed Order. *Id.* at 2.  GE Capital was entitled to the immediate possession of the equipment after thirty days, and could seek the assistance of the United States Marshall or Sheriff of Delaware County to remove the equipment, if necessary. *Id.* at 3.  Similarly, the Court ordered DMT to immediately surrender the equipment to GE Capital after thirty days.  The only condition precedent to GE Capital's right to possession of the Equipment that DMT and GE Capital specifically listed in the MLA was the expiration of thirty days. *See generally id.*

On March 4, 2010, the Receiver filed a Notice of General Receivership (Dkt. No. 22), in which it notified the Court that on February 23, 2010, the Delaware Circuit Court for Delaware County, Indiana (the "Receivership Court"), appointed Chikol as receiver for DMT and other related entities in an action brought by First Merchants (the "Receivership Action").  The Receivership Court's order (the "Receivership Order") enjoined all directors, equity owners, creditors, and other persons, and all others acting on behalf of any such equity owner, creditor or other person, including sheriffs, marshals, and attorneys from, *inter alia*, executing any replevin order.  Dkt. No. 22-1 at 13.  GE Capital was not named in the Receivership Action.

On March 17, 2010, counsel for the Receiver instructed GE Capital's counsel that it would not surrender the equipment, and that, in the event the Receiver sold the equipment, GE Capital or First Merchants could assert their interests to the proceeds to the Receivership Court.  Dkt. No. 23-1.

On Friday, March 19, 2010, GE Capital filed its Motion for Order in Aid of Execution, in which it requested that the Court order the Receiver to surrender the Equipment. According to GE Capital, under Indiana law the Receiver took only the rights of DMT that

3

DMT could have asserted on its own and that, pursuant to the Replevin Order, DMT surrendered its rights to the equipment.  Therefore, GE Capital asserted that the Receiver was estopped from interfering with GE Capital's enforcement of the Replevin Order. Additionally, GE Capital argued that the Receivership Order cannot enjoin GE Capital's enforcement because GE Capital was not a party to the Receivership Action and was not notified pursuant to Indiana Trial Rule 65.

On March 19, 2010, First Merchants filed its Motion to Intervene, to which it attached, *inter alia*, its Intervenor Complaint and Emergency Motion to Reconsider.  First Merchants asserted that it had a perfected security interest in the Equipment that had priority over GE Capital's MLA, which First Merchants claimed was itself a security instrument.  First Merchants moved the Court for leave to intervene and to reconsider its Replevin Order.  Also, on March 19, 2010, the Receiver filed its Motion for Suspension of Proceedings.  It alleged that the Receivership Court had exclusive jurisdiction over the equipment, and that this Court should abstain from exercising jurisdiction over this dispute.

On March 23, 2010, the Court set this matter for oral argument.  On April 1, 2010, the Court granted First Merchant's Motion to Intervene and ordered it to appear at the previously scheduled oral argument.

## II.  DISCUSSION

Initially, the Court notes that neither First Merchants nor the Receiver question whether GE Capital's request and receipt of the Replevin Order was in violation of Indiana law.  In other words, it is undisputed that GE Capitally fully complied with Indiana laws on replevin.  *See* Ind. Code §§ 23-35-2 *et seq.*  Rather, First Merchants moves the Court to

reconsider the Replevin Order in light of new; namely, First Merchants' alleged possessory interest in the Equipment.  In addition, although the Receiver does not dispute that a valid replevin order was issued under Indiana law, it asserts that the Delaware Circuit Court was the first Court to obtain possession over the Equipment and that, as a result, this Court should stay its hand pending final resolution of the Receivership Action.

The critical issue is whether this Court had constructive possession of the Equipment prior to the Delaware Circuit Court.  If the Court did not, then it should stay this action in the interest of comity.  If the Court did have constructive possession over the equipment prior to the Receivership Court, then as between the Receiver and DMT, DMT is entitled to possession of the property.

*Gradel v. Piranha Capital, L.P.*, 495 F.3d 729 (7th Cir. 2007), sheds some light on the issue.  In *Piranha Capital*, investors in a hedge fund called Piranha Capital ("Piranha") sued Piranha in an Illinois state court, alleging violations of federal securities law and state law.  The investors subsequently attached $1 million held in Piranha's account with Pershing, LLC ("Pershing").  *Id.* at 730.  Piranha removed the case to federal district court. Ultimately, the investors obtained a judgment for almost $1 million in the district court proceeding, and they attempted to collect it by filing a motion in that court to order Pershing to turn the money over to the investors.  *Id.*  While that motion was pending, the Commodity Futures Trading Commission sued two advisers of Piranha in the federal district court for the Northern District of California, alleging that the two advisers had violated the Commodity Exchange Act.  The district court issued a preliminary injunction against the commencement, prosecution, litigation, or enforcement of any suit with respect to Piranha. In addition, the Court appointed a receiver for matters relating to Piranha, which ultimately

5

discovered the funds that had been attached by the plaintiffs in the Illinois case.  The receiver intervened in the Illinois case and, in addition to contesting the motion to turnover the attached funds, moved to vacate the attachment.  The Illinois district court denied plaintiffs motion for turnover, concluding that the injunction entered in California bound the plaintiffs.  In addition, the court granted the receiver's motion to vacate the attachment and, therefore, the money was transferred to the receiver.  The plaintiff investors appealed.

On appeal, the investors argued that they were entitled to the funds, even though the funds were held by a different court than the court in which the investors attached the funds.  Therefore, the Seventh Circuit considered whether "a court in Chicago [could] issue an order that . . . affect[ed] funds held by a court in California[.]" *Id.* at 731.  The Seventh Circuit reversed the district court and held that the investors were entitled to the funds because "as between two courts of concurrent jurisdiction, the court which first obtains jurisdiction and constructive possession of property . . . is entitled to retain it without interference and cannot be deprived of its right to do so." *Id.* (quoting *Harkin v. Brundage*, 276 U.S. 36, 43 (1928) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (other citations omitted).  The court concluded that the district court in Illinois obtained jurisdiction over the investors' case and with it control over the Piranha account, and that there was no basis for relinquishing that control just because another suit had been filed elsewhere.

Here, the Court concludes that it had jurisdiction and constructive possession of the Equipment before the Receivership Court.  As with the Illinois district court in the *Piranha*, this Court issued an order affecting GE Capital's and DMT's possessory interests in the Equipment before the Receivership Court appointed a receiver and issued an injunction.

6

More specifically, five days before the Receivership Court issued the Receivership Order, through which it took control over DMT's property, this Court explicitly ordered DMT to surrender its control of the Equipment upon the expiration of thirty days. Therefore, under *Pirahna*, this Court has exclusive jurisdiction over the Equipment because "as between two courts of concurrent jurisdiction, the court which first obtains jurisdiction and constructive possession of property . . . is entitled to retain it without interference and cannot be deprived of its right to do so." *Id.*

The Receiver argues that, because DMT and GE Capital included a thirty-day stay in the Agreed Order, the parties clearly contemplated that a receiver could be appointed in the Receivership Court and that, in the event that court appointed a receiver, GE Capital would be barred from enforcing the Replevin Order. However, GE Capital and DMT did not include this condition in the Proposed Agreed Order. Rather, the only condition precedent to GE Capital's possession of the Equipment under the Replevin Order was the expiration of thirty days. Moreover, the fact that GE Capital did not have actual possession of the Equipment before the Receivership Court entered its injunction is irrelevant. The pertinent question is not whether the GE Capital had actual possession before the Receivership Order, but rather whether this Court had constructive possession over the Equipment by way of its Replevin Order. *Id.*

Finally, the Receiver argues that *Pirahna* does not apply because, unlike in this case, the Illinois district court in *Piranha* had actually entered a final judgment and the California suit was not filed until six months after that judgment. Although those facts make that case somewhat different than this matter, they do not convince the Court to reach a different conclusion. With respect to courts exercising concurrent jurisdiction over the

7

same property, the relevant inquiry is not which court entered final judgment first, but rather which court had jurisdiction and constructive possession first.  The Court recognizes that, in some situations, a federal court should stay its hand in favor of state court proceedings in the interest of comity.  However, before the Receivership Court issued its order, this Court granted GE Capital's Motion for Order of Replevin and entered an Agreed Order that was jointly submitted by GE Capital and DMT, thereby entitling GE Capital to the unconditional possession of the Equipment upon the expiration of thirty days.  As a result of that order, the Court exercised its constructive possession over the Equipment and retained exclusive jurisdiction over the Equipment to the exclusion of the Receivership Court.  *Id.*  Therefore, the Receivers Motion for Suspension of Proceedings is **DENIED**.

However, in light of the issues raised by First Merchants in its pleadings, the Court **GRANTS** First Merchants' Motion to Reconsider on the limited issue of which party, GE Capital or First Merchants, has priority to the possession of the Equipment upon execution of the Replevin Order.  The Court will reserve its ruling on GE Capital's Motion in Aid of Execution until the Court resolves the priority dispute between GE Capital and First Merchants.

## III. **CONCLUSION**

For the foregoing reasons, Chikol, LLC's Motion for Suspension of Proceedings (Dkt. No. 28) is **DENIED**, and intervenor plaintiff's, First Merchants Bank, National Association Motion to Reconsider (Dkt. No. 35) is **GRANTED in part**.

IT IS SO ORDERED this 26th day of April, 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Ethel F. H. Badawi
BARNES & THORNBURG LLP
ethel.badawi@btlaw.com

Shawna Meyer Eikenberry
BAKER & DANIELS - Indianapolis
shawna.eikenberry@bakerd.com

Jeffrey A. Hokanson
HOSTETLER & KOWALIK PC
jeff.hokanson@hostetler-kowalik.com

Jay  Jaffe
BAKER & DANIELS
jay.jaffe@bakerd.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net

David M. Powlen
BARNES & THORNBURG
david.powlen@btlaw.com

William Jake Tucker
TUCKER/HESTER, LLC
bill@tucker-hester.com