UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:10-cv-00107-LJM-WGH |
| DELAWARE MACHINERY & TOOL COMPANY, INC. and ROBERT HAAS JR., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY AS TO COUNT IV OF PLAINTIFF'S COMPLAINT ONLY

Pending before the Court is plaintiff's, General Electric Capital Corporation ("GE Capital"), Motion for Partial Summary as to Count IV of Plaintiff's Complaint Only ("Motion for Partial Summary Judgment") [Dkt. No. 80]. GE Capital seeks to hold defendant, Robert Haas Jr. ("Haas"), liable on a guaranty ("Guaranty") executed on behalf of defendant Delaware Machinery and Tool Company, Inc. ("Delaware Machinery"). The Court has considered the parties' arguments and **GRANTS** GE Capital's Motion for Partial Summary Judgment [Dkt. No. 80].

## I. BACKGROUND

On December 23, 2003, GE Capital and Delaware Machinery entered into a Master Lease Agreement ("MLA"). Dkt. No. 81-2 ¶ 7. Pursuant to the MLA, Delaware Machinery

leased four pieces of equipment ("Equipment").[1]  *Id.*  Delaware Machinery was obligated to make payments on the Equipment in eighty-three monthly installments beginning January 2, 2004.  Dkt. No. 81-6 at 1.

In connection with the MLA, GE Capital also obtained the Guaranty from Haas. Haas signed the Guaranty on December 23, 2003.  Dkt. No. 81-4.  The relevant language of the Guaranty reads as follows:

> To induce [GE Capital] to enter into, purchase or otherwise acquire . . . security agreements, . . . lease agreements, and/or any other documents or instruments evidencing, or relating to, any lease . . . the undersigned, for good and valuable consideration . . . hereby guarantee to [GE Capital] . . . the due regular and punctual payment of any sum or sums of money which [Delaware Machinery] may owe to [GE Capital] now or at any time hereafter . . . whether it represents principal, interest, rent, late charges, indemnities, an original balance, an accelerated balance, liquidated damages, a balance reduced by partial payment, a deficiency after sale or other disposition of any leased equipment, collateral or security, or any other type of sum whatsoever that [Delaware Machinery] may owe [GE Capital] now or at any time in the future . . . .
>
> This Guaranty is a guaranty of prompt payment and performance (and not merely a guarantee of collection).  Nothing herein shall require [GE Capital] to first seek or exhaust any remedy against [Delaware Machinery] . . . or to first foreclose, exhaust or otherwise proceed any leased equipment, collateral or security . . .  It is agreed that [GE Capital] may, upon any breach or default of [Delaware Machinery] . . . make demand upon the undersigned and receive payment and performance of the Obligations . . . .
>
> The undersigned agrees that its obligations under this Guaranty shall be primary, absolute, continuing and unconditional, unaffected by any of the following actions or circumstances (regardless of any notice to or consent of the undersigned): (a) the genuineness, validity, regularity and enforceability of the Account Documents or any other document . . . (f) the existence,

---

[1] The Equipment consists of the following:
- 2003 1651CCA Cold Chamber Die Cast Machine, serial number DA3014
- 2003 M2B-9016-J1 Oil Heating Unit, serial number 33M5612
- 2003 M2B-9016-J1 Oil Heating Unit, serial number 33M5613
- 2003 ABB IRB 400FL Foundry Spray robot, serial number C-10449

Dkt. No. 81-6.

2

> value, condition, loss, subordination or release . . . of, or failure to have title to or perfect and maintain a security interest in, or the time, place and manner of any sale or other disposition of any leased equipment, collateral or security given in connection with the Obligations, or any other impairment (whether intentional or negligent, by operation of law or otherwise) of the rights of the undersigned . . . .

Dkt. No. 81-4 at 1.

Delaware Machinery failed to make the November 2009 payment, as well as all subsequent payments, breaching the MLA. Dkt. No. 81-2 ¶ 9. GE Capital accelerated the amounts due pursuant to the MLA. *Id.* ¶ 6. On January 27, 2010, GE Capital filed suit in this Court against Delaware Machinery and Haas, seeking damages for breach of the MLA, return of the Equipment, and payment on the Guaranty by Haas. Dkt. No. 1. All other claims were disposed of through litigation, leaving only the Guaranty claim against Haas.

The Court includes additional facts below as necessary.

## II. LEGAL STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(a), which provides in relevant part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1). A genuine dispute of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence as to an element of that claim. *See Green*

*v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

### A. APPLICATION OF THE GUARANTY

Interpretation of a guaranty is governed by the same rules applicable to other contracts. *Kruse v. Nat'l Bank of Indianapolis*, 815 N.E.2d 137, 144 (Ind. Ct. App. 2004). "In construing a guaranty, a court must give effect to the intentions of the parties, which are to be ascertained from the language of the contract in light of the surrounding circumstances." *Noble Romans, Inc. v. Ward*, 760 N.E.2d 1132, 1138 (Ind. Ct. App. 2002). The court should look to the "outward manifestation" of the parties' intent rather than the parties' subjective intents. *Id.* at 1137. The unambiguous language of a contract is conclusive and binding on the parties and the court. *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 501 (Ind. Ct. App. 2007).

Examining the language of the Guaranty, it is clear that Haas is liable to GE Capital under its terms. It is undisputed that Delaware Machinery breached its obligations under the MLA. *See* dkt. no. 77. The Guaranty permits GE Capital to proceed against Haas for Delaware Machinery's breach of the MLA. Dkt. No. 81-4 at 1. Under the unambiguous language of the Guaranty, Haas is liable to GE Capital for Delaware Machinery's obligations.

## B. HAAS'S DEFENSES

Haas makes three arguments for why, despite the language of the Guaranty, he should not be personally liable. The Court addresses each argument in turn but concludes that none absolves Haas of liability.

### 1. FRAUDULENT INDUCEMENT

First, Haas contends that he was fraudulently induced to enter into the guaranty by representations from GE Capital that the MLA would be interpreted as a lease agreement, not a purchase or security agreement. GE Capital argues that fraudulent inducement based on misrepresentations of the legal effect of a document are not recognized under Indiana law and, even if such a defense were recognized, the express terms of the Guaranty preclude Haas from asserting such a defense.

Indiana law generally recognizes fraudulent inducement as a defense to contract. *See Plymale v. Upright*, 419 N.E.2d 756, 763–64 (Ind. Ct. App. 1981). However, an exception to this rule "occurs when the representations [at issue], though false, relate to the legal effect of the instrument sued on. Every person is presumed to know the contents of the agreement which he signs, and has, therefore, no right to rely on the statements of the other party as to its legal effect." *Id.* at 764; *see also Vickers v. Henry Cnty. Sav. & Loan Ass'n*, 827 F.2d 228, 232 (7th Cir. 1987) ("representations as to the legal effect of an instrument" are not actionable under Indiana law). Haas contends that GE Capital misrepresented the MLA as lease agreement rather than a security agreement. The characterization of a contract, however, is clearly a question as to the contract's legal effect, something upon which Haas had no right to rely. *Cf. Smither v. Calvert*, 44 Ind. 242

(1873) (whether document is general warranty deed or quitclaim deed is question as to document's legal effect). Therefore, Haas may not use the defense of fraudulent inducement to excuse compliance.

## 2. JUDICIAL ESTOPPEL

Haas further claims that GE Capital is judicially estopped from claiming that the amount due and owing on January 27, 2010 is more than $279,074.43, the amount claimed in the Verified Complaint. Judicial estoppel prevents a party from pursuing a theory incompatible with its original theory in the same litigation. *In re Airadigm Communs., Inc.*, 616 F.3d 642, 661–62 (7th Cir. 2010). In determining whether to apply judicial estoppel, factors to be considered include "(1) whether the party's later position was 'clearly inconsistent' with its earlier position; (2) whether the party against whom estoppel is asserted in a later proceeding has succeeded in persuading the court in the earlier proceeding; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 661.

GE Capital's Verified Complaint, filed on January 27, 2010, states that "[a]t present, the amount due under the MLA and the Guaranty totals not less than $279,074.43." Dkt. No. 1 ¶ 14. GE Capital now seeks a total of $415,309.91, exclusive of attorneys' fees. Dkt. No. 81-7. Although it is understandable that Haas would like the Court to use $279,074.43 as the starting point for any calculation, he has not shown that GE Capital's current position is "clearly inconsistent" with its previous statement in the Verified Complaint. Indeed, not only would Haas's interpretation would read the phrase "not less than" out of the Verified

Complaint completely, but it also would be inconsistent with the language in the Equipment Schedule, which provides for a Stipulated Loss Value Percentage of 40.502% of the Capitalized Lessor's Cost of the Equipment. *See* Dkt. No. 81-6 at 2. GE Capital has provided a detailed breakdown demonstrating how it arrived at its current figure, and Haas has not provided any evidence calling that breakdown into question. The Court concludes that judicial estoppel is inapplicable in this case.

### 3. INDEMNIFICATION

Lastly, Haas claims that he should not be liable for any amounts spent by GE Capital due to its failure to perfect its security interest, as "[t]his amounts to seeking indemnification for GE Capital's own negligence in failing to perfect." Dkt. No. 88 at 6. In particular, Haas argues that had GE Capital perfected its interest, it could have sold the Equipment for in excess of $500,000.00, negating any damages it is now claiming.

However, the language of the Guaranty itself contradicts Haas's assertion that the action at bar is an indemnification action. It states that Haas's obligations are not affected by GE Capital's "failure to . . . perfect and maintain a security interest in, or the time, place and manner of any sale or other disposition" of the Equipment. Dkt. No. 81-4 at 1. By the express terms of the Guaranty, GE Capital is entitled to recover damages regardless of its failure to perfect its security interest, and it is no defense that GE Capital could have sold the Equipment for more if it had perfected its interest. This is not an action for indemnification, and the Court will not treat it as such.

## C. DAMAGES

Having concluded that Haas is liable under the Guaranty, the Court turns to determine the amount of damages GE Capital has proven. GE Capital has requested the accelerated amount due under the MLA less the amount made by sale of the Equipment, interest, and attorneys' fees and costs. As of January 19, 2011, GE Capital contends that it is owed $415,309.91 in combined principal and interest, as well as $62,435.00 in attorneys' fees. Dkt. Nos. 81-2 ¶¶ 11–18; 81-8 ¶ 5; 81-9 ¶ 5.

Delaware Machinery agreed to pay for the Equipment in 83 monthly installments beginning on January 2, 2004. Dkt. No. 81-6 at 1. After making a number of payments, Delaware Machinery made its final payment on October 2, 2009. Dkt. No. 81-5 at 4. Delaware Machinery missed its November 2, 2009 payment and all subsequent payments. *Id.* At the time of default, Delaware Machinery had paid for 70 months of the agreement. According to the Stipulated Loss and Termination Value Table of the Equipment Schedule, breach at 70 months allows for a Termination Value Percentage of 22.141% and a Stipulated Loss Value Percentage of 40.502%. Dkt. No. 81-6 at 2. The Capitalized Lessor's Cost for the Equipment is $1,155,375.00. *Id.* at 2. Multiplying the Capitalized Lessor's Cost by the Stipulated Loss Value Percentage at the time of default, *see* dkt. no. 81-3 § 7, GE Capital is owed $467,949.98 in stipulated losses.

In addition, GE Capital is entitled to 6.95% per annum interest on the stipulated losses from the time of the last payment until the present. *Id.* The Equipment was sold on December 17, 2010, so the Court must calculate two separate interest quantities. From November 2, 2009 until December 17, 2010, GE Capital is entitled to interest on $467,949.98 in stipulated losses, or $35,389.03. From December 17, 2010 to the date of

9

this Order, GE Capital is entitled to interest on $347,949.98—the stipulated loss amount less the sale proceeds—or $9,959.13. Therefore, GE Capital is entitled to recover $45,348.16 in total interest.

In addition, GE Capital is permitted to recover late fees and appraisal costs on the Equipment. The late fees owed total $4,395.35. Dkt. No. 81-2 ¶ 18. The appraisal costs total $6,400.00. *Id.* Lastly, Haas is entitled to subtract from the total the proceeds from the sale of the Equipment, $120,000.00. In total, Haas is liable to GE Capital for $404,093.49 for Delaware Machinery's contractual damages and interest.

In addition, GE Capital is entitled to collect its attorneys' fees already incurred this matter. *See* dkt. no. 81-3 § 10(c). The Court has broad discretion to determine a reasonable attorneys' fee award. *Serafin v. Local 722*, 597 F.3d 908, 919 (7th Cir. 2010). The Court has reviewed the attorneys' fees affidavits submitted by Mr. Jordan and Mr. Harris. Based upon Mr. Jordan's affidavit, *see generally* dkt. no. 81-8, GE Capital is entitled to $40,251.54 in attorneys' fees for the work performed by Rubin & Levin. Based upon Mr. Harris's affidavit, *see generally* dkt. no. 81-9, GE Capital is also entitled to $20,847.49 in attorneys' fees for the work performed by Reed Smith.[2] In total, GE Capital is entitled to recover $61,099.03 in attorneys' fees.

Adding together the contractual damages, interest, and attorneys' fees, the Court concludes that GE Capital is entitled to recover $465,192.52 from Haas under the Guaranty promising to pay the obligations of Delaware Machinery under the MLA.

---

[2] Reed Smith's billing statements included certain work performed by Rubin & Levin. The Court concludes that it is unreasonable to bill twice for the same work and, therefore, does not include that work in its final calculation. *See* dkt. no. 81-9 at 29, 32, 37, 44, 47. Additionally, Reed Smith did not include any billing statements for October 2010, so no amounts for that month are included.

## IV. CONCLUSION

For the reasons set forth above, GE Capital's Motion for Partial Summary Judgment [Dkt. No. 80] is **GRANTED**. A separate judgment shall issue in GE Capital's favor.

IT IS SO ORDERED this 17th day of May 2011.

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Ethel F. H. Badawi
BARNES & THORNBURG LLP
ethel.badawi@btlaw.com

Reynold Terrance Berry
RUBIN & LEVIN, PC
rberry@rubin-levin.net

Shawna Meyer Eikenberry
BAKER & DANIELS - Indianapolis
shawna.eikenberry@bakerd.com

Jay Jaffe
BAKER & DANIELS
jay.jaffe@bakerd.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net

John K. McDavid
TUCKER/HESTER ,LLC
john@tucker-hester.com

David M. Powlen
BARNES & THORNBURG
david.powlen@btlaw.com

William Jake Tucker
TUCKER/HESTER, LLC
bill@tucker-hester.com